UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                          Plaintiffs,

        -against-                               ORDER
                                                          CV-08-5192 (ARR)
RRZ TRUCKING COMPANY LLC d/b/a RRZ
Trucking Co., LLC,

                          Defendant.
-----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

        By Order dated February 24, 2009, the Honorable Allyne R. Ross referred plaintiffs' motion for default judgment to me for a report and recommendation on what relief, if any, should be awarded to plaintiffs. The court will consider all previous submissions in determining an award. Docket Entry 4. If defendant pays any sums of monies owed to plaintiffs which are the subject of the default motion while the motion is pending, plaintiffs shall immediately notify the court of the payment by letter electronically filed. In preliminarily reviewing plaintiffs' motion, however, I note several issues for plaintiffs to address.

        First, "[t]he law is clear that in actions by pension funds against employers for unpaid contributions pursuant to ERISA and LMRA, the state statute of limitations for breach of contract actions will apply," which is six years in New York. *Textile Workers Pension Fund v. Findlay Indus., Inc.*, 1998 WL 788795, at *1 (S.D.N.Y. Nov. 10, 1998). Here, plaintiffs filed their complaint on December 24, 2008. In their complaint and in their motion for default judgment, however, plaintiffs seek delinquency charges dating back to June, 2002. Although

federal courts apply the "discovery rule" to ERISA claims, *see, e.g.*, *La Barbera v. R. Rio Trucking*, 2007 WL 2177063, at *3 (E.D.N.Y. July 27, 2007), it would appear that plaintiffs should have discovered that they had an ERISA claim at the time that the contributions became due and owing and defendant failed to remit the payment back in 2002. Accordingly, plaintiffs shall either explain the basis for an award of any damages that pre-date December 24, 2002, or withdraw their application seeking these damages and submit a revised damages calculation. *See Carmichael v. Hobbs*, 2008 WL 697347, at *1 n.2 (E.D.N.Y. Mar. 14, 2008) (noting that the Second Circuit permits "*sua sponte* dismissals on statute of limitations grounds" so long as plaintiff had notice and an opportunity to be heard).

Second, I question the interest calculations for the periods of July 4, 2008 through August 1, 2008. Plaintiffs state that defendant was required to submit payments on a weekly basis during this time period because defendant failed to have a surety bond. Schreiber Aff. ¶ 15. In its motion, plaintiffs submitted a letter indicating the change to a weekly payment requirement and a letter indicating that defendant was placed back on the 60-day payment schedule. *Id.* Ex. F. The first letter, however, is dated August 7, 2008 and the second letter is dated September 26, 2008. *Id.* Accordingly, it appears that contributions that became due from August 7 to September 26, 2008 should be calculated on a weekly basis. Plaintiffs, however, calculated interest on a weekly basis for the period of July 4, 2008 through August 1, 2008. Plaintiffs shall submit revised interest calculations for these dates, Schreiber Aff. ¶¶ 27-31, or explain more fully how it is that defendant had notice in July and August that those contributions were due on a weekly basis.

Finally, counsel shall immediately comply with Federal Rule of Civil Procedure 5.2(a), which requires redaction of social security numbers in all court filings.

Plaintiffs shall make their additional submission in support of damages they seek no later than March 27, 2009. Any submission that defendant wishes to make in response is due no later than April 10, 2009. Any reply that plaintiffs wish to make should be filed no later than April 17, 2009.

Upon receipt of this Order, plaintiffs are hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant at its last known address, and to provide the Court with a copy of the return receipt.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
March 6, 2009